**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

EDITO MONTECINO,

                                        Plaintiff,      **COMPLAINT AND JURY**
                                                        **DEMAND**

                    vs.

RRM CONSTRUCTION LLC AND RAFAEL MOTA,

                                        Defendants.

## NATURE OF ACTION

1.      This is an overtime employment action brought by Plaintiff for violation of his right to minimum wages, spread of hours pay and overtime pay under the Federal Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").

2.      The claims arise from Plaintiff's employment as a construction worker by Defendant RRM Construction ("RRM"), and its Owner/Operator Rafael Mota.

## PARTIES

3.      Plaintiff Edito Montecino was an employee of the Defendants at all relevant times. Plaintiff resides in Manhattan, in the City and State of New York.

4.      Defendant RRM is a domestic corporation with its principle office in Patterson, New Jersey.  RRM conducts substantial business in the State of New Yok within the jurisdiction of the Southern District of New York, including the events that are the subject of this Complaint.

5.      Defendant Rafael Mota was at all times here relevant the principal owner and operator of RRM with responsibility for paying employees.   Through RRM, Mota conducts substantial business in the Southern District of New York.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 207.

7.      Venue is proper in the United States District Court, Southern District of New York pursuant to 28 U.S.C. § 1391, because Defendant is subject to the Court's personal jurisdiction with respect to this action, and a substantial part of the events or omissions giving rise to the claim occurred within the Southern District of New York.

## FACTUAL ALLEGATIONS

8.      Plaintiff Edito Montecino worked for RRM as a construction worker from December 26, 2016 until September 16, 2017.

9.      RRM is a construction contractor providing construction services in New York and New Jersey.

10.     Plaintiff worked exclusively in New York City for RRM.

11.     Plaintiff worked five days per week each week.  Most days, he worked at least ten hours, sometimes working as much as 16 hours in a single day.  For each work day, he was paid $100 in cash, regardless of the number of hours he worked.

12.     At some point around August, 2017, RRM stopped paying Plaintiff.  On numerous occasions, Plaintiff asked Defendant Rafael Mota about the money he owed him.  Mr. Mota repeatedly assured him that he would get paid all that he was owed.

13.     Plaintiff always worked more than 8 hours per day and more than 40 hours per week.  On average, he worked between 60 and 70 hours per week.

14.     Ultimately, not getting paid for his work, Plaintiff stopped working for RRM.  RRM and Mr. Mota did not pay him at all for 37 days of work.

15.     Plaintiff was never paid overtime for the amount of time they spent working over 40 hours per week.

16.     Plaintiff was not paid "spread of hours" pay for the amount of time he worked 10 hours or more in a day.

17.     Plaintiff was paid below the minimum wage of pay during his employment with RRM, even when he was being paid.

## FIRST CAUSE OF ACTION
### (Failure to Pay Overtime Compensation - 29 U.S.C. § 207)

18.     Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

19.     At all relevant times, Defendants have been an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.  At all relevant times, Defendants have employed and continued to employ employees, including Plaintiff.  At all relevant times, upon information and belief, Defendant RRM Construction had gross operating revenues in excess of $500,000.00.

20.     Although Plaintiff worked in excess of 40 hours per week, Defendants failed to pay Plaintiff one and one-half times her regular rate of pay for hours worked over 40.

21.     The foregoing conduct constitutes a willful and malicious violation of the FLSA, within the meaning of 29 U.S.C §§ 216(b) and 255(a).

## SECOND CAUSE OF ACTION
### (Failure to Pay Overtime Compensation- 12 NYCRR § 142-2.2)

22.     Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

23.     At all relevant times, Plaintiff was an employee and Defendants were employers within the meaning of the New York Labor Law.

24.     Defendants have willfully and maliciously failed to pay Plaintiff the overtime wages to which they were entitled under the New York Labor Law.

## THIRD CAUSE OF ACTION
### (Failure to Pay Minimum Wage – 12 NYCRR § 142-2.1)

25.     Plaintiff allege and incorporate by reference the allegations in the preceding paragraphs.

26.     At all relevant times, Plaintiff was an employee and Defendants were employers within the meaning of the New York Labor Law.

27.     Defendants have willfully and maliciously failed to pay Plaintiff the minimum wages to which they were entitled under the New York Labor Law.

## FOURTH CAUSE OF ACTION
### (Failure to pay "spread of hours" pay - 12 NYCRR § 142-2.4)

28.     Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

4

29.     At all relevant times, Plaintiff were employees and Defendants were employers within the meaning of the New York Labor Law.

30.     Defendants have willfully and maliciously failed to pay Plaintiff the additional wages to which they were entitled under the New York Labor Law for the spread of hours they worked each work day.

## FIFTH CAUSE OF ACTION
### (Breach of Contract)

31.   Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

32.   Plaintiff and defendant Rafael Mota, on his own behalf and on behalf of RRM, verbally agreed that plaintiff would work for the defendants and that defendants would pay plaintiff $100 per day for the work.

33.   On 37 days, plaintiff worked for Mota and RRM, with the expectation under the contract that he would be paid $100 each time.  Mota and RRM willfully and maliciously breached their contract by not paying plaintiff any money for work he performed on each day.

34.     Defendants are liable to plaintiff for breach of contract under New York Common law.


## PRAYER FOR RELIEF

Plaintiffs pray for relief as follows:

A.     That Defendants are found to have violated the Federal Fair Labor Standards Act and the New York Labor Law;

B.     That Defendants' violations as described above are found to be willful and malicious;

C.       An award to Plaintiff for the amount of unpaid wages owed, including interest thereon, and penalties, including liquidated damages, subject to proof at trial;

D.       An award of reasonable attorneys' fees and costs pursuant to 29 USC § 216 and/or other applicable law; and

E.       For such further relief, in law or equity, as this Court may deem appropriate and just.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury as to all issues so triable.

DATED:  September 19, 2018

Stoll, Glickman & Bellina, LLP


_____/s/_____
Leo Glickman
Stoll, Glickman & Bellina, LLP
5030 Broadway, Ste. 652
New York, NY 10034
lglickman@stollglickman.com
(718) 852-3710